Eastern District of Kentucky
**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

MAR 2 2 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-141-KSF

DEMOND R. WILLIAMS                  PETITIONER

V.                **OPINION & ORDER**

PATTI WEBB, Warden                 RESPONDENT

\* \* \* \* \* \* \* \* \* \* \* \*

On April 11, 2005, petitioner Demond R. Williams, acting *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, concerning his conviction in Fayette Circuit Court on or about January 15, 1998. Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration pursuant to 28 U.S.C. §636(b).

On January 26, 2006, the Magistrate Judge filed his proposed findings of fact and recommendation [DE #16]. Based upon a review of the record and the applicable law, the Magistrate Judge recommends that petitioner's habeas petition be denied and the respondent's motion for summary judgment be granted, and this matter be dismissed and stricken from the docket. On March 17, 2006, the petitioner filed his objections to the Magistrate Judge's proposed findings of fact and recommendation [DE #20].

I.     **RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 23, 1996, the petitioner was indicted by a grand jury of the Fayette Circuit Court and was charged with two counts of Sodomy First Degree, four counts of Sexual Abuse First Degree, and one count of Robbery Second Degree (which was dismissed prior to trial). The

petitioner pleaded not guilty to these charges, and at trial was found guilty on Counts 1-6 of the indictment. On February 13, 1998, the trial court sentenced the petitioner to a total sentence of thirty-seven (37) years.

Subsequently, the petitioner appealed his conviction to the Kentucky Supreme Court. In their unpublished opinion of February 24, 2000, the Kentucky Supreme Court affirmed the petitioner's conviction. On May 18, 2000, the Kentucky Supreme Court denied the petitioner's Petition for Rehearing. On December 11, 2000, the petitioner moved the trial court, pursuant to RCr 11.42 to vacate, set aside or correct his sentence. In an Opinion and Order dated June 13, 2001, the trial court denied the petitioner's RCr 11.42 motion.

Petitioner appealed this denial to the Kentucky Court of Appeals. In an unpublished opinion dated July 12, 2002, the Kentucky Court of Appeals affirmed the trial court's denial of the petitioner's RCr 11.42 motion. Additionally, on September 10, 2003, the Kentucky Supreme court denied the petitioner's motion for discretionary review of the decision of the Kentucky Court of Appeals. Next, the petitioner moved the trial court for relief of conviction or modification of sentence pursuant to CR 60.02. On January 30, 2003, the trial court denied said motion.

Petitioner appealed this denial as well. In an unpublished opinion rendered on August 6, 2004, the Kentucky Court of Appeals affirmed the trial court's denial of the petitioner's CR 60.02 motion. Subsequently the petitioner filed his current federal habeas petition on April 11, 2005.

## II. PETITION FOR WRIT OF HABEAS CORPUS

The petitioner bases his §2254 petition on three claims. First, the petitioner asserts that

the trial court's denial of his motion to merge the first degree sodomy and first degree sexual abuse counts resulted in a violation of his rights against double jeopardy. Second, the petitioner claims that the trial court erred in allowing the admission of the victim's hearsay statement to Dr. Alvarado. Finally, the petitioner argues that he received ineffective assistance of counsel at trial, based on a misunderstanding of the elements necessary to establish a violation of the sodomy statute, KRS §510.070.

The respondent argues that the petitioner's claims are without merit. For this reason, the respondent argues that the habeas petition should be dismissed and/or that she is entitled to summary judgment. The petitioner filed a response to the respondent's motion for summary judgment.

### III.  MAGISTRATE JUDGE'S FINDINGS OF FACT AND RECOMMENDATION

Magistrate Judge Todd recommends that the petitioner's habeas corpus petition be denied, and the respondent's motion for summary judgment be granted. In his findings of fact, the Magistrate Judge discusses each claim separately.

#### A.  Double Jeopardy

The petitioner relies on Blockburger v. United States, 284 U.S. 299 (1932), to support his claim of double jeopardy. The Magistrate Judge concluded that the Kentucky Supreme Court correctly analyzed this claim because there were two separate, distinct offenses, even though they were committed closely in time to each other; therefore, there was no double jeopardy violation. In Blockburger, the court held that successive drug transactions with no substantial interval of time between a delivery of drugs to complete the first transaction and payment for the second quantity sold, could be prosecuted as separate offenses. The Magistrate Judge concludes that the

3

petitioner's act of deviate sexual intercourse in trying to penetrate L.B.'s anus with his penis was interrupted when the condom broke and L.B. pushed the petitioner off of him; and the petitioner's subsequent act of getting back on top of L.B. and rubbing his penis against L.B.'s buttocks were two separate offenses.

### B.   Admission of L.B.'s Hearsay Statement to Dr. Alvarado

Magistrate Judge Todd concluded that the Kentucky Supreme Court correctly analyzed the petitioner's claim regarding the admission of L.B.'s hearsay statement to Dr. Alvarado, noting that the Kentucky Supreme Court recognized that the statement was admissible as a hearsay exception under KRE 803(4). Therefore, whether this statement was also admissible under KRE 801A(a)(2) is irrelevant.

### C.   Ineffective Assistance of Counsel

Magistrate Judge Todd relied on the test established in Strickland v. Washington, 466 U.S. 668 (1984), to determine that the petitioner did not established that he received ineffective assistance of counsel. Specifically, Magistrate Judge Todd concluded that the petitioner failed to prove the first prong of the Strickland test; that his counsel's performance fell outside the wide range of professionally competent assistance guaranteed by the Sixth Amendment.

For these reasons, Magistrate Judge Todd recommended denying the petitioner's habeas petition and granting the respondent's motion for summary judgment.

### IV.   PETITIONER'S OBJECTIONS

The petitioner filed his objections to the Magistrate Judge's proposed findings of fact and recommendation. Specifically, the petitioner argues that the evidence in this case is not as the Magistrate Judge states it is. The petitioner claims that the testimony given by L.B. describes the

4

petitioner acting on a single impulse creating one attempt to engage in deviate sexual intercourse with L.B. Therefore, under the "same element" test set forth in Blockburger, the petitioner claims that the evidence supports only one conviction.

Secondly, the petitioner reiterates his argument that, L.B. changed his story from one of consensual sex to a story of forced sex after his mother reacted violently to L.B.'s claim of consent. Therefore, the petitioner claims that the story of forced sex by L.B. is not reliable and the Kentucky Supreme Court's ruling on this claim is contrary to the decisions in Tome v. United States, 513 U.S. 150, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995), and Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990).

Finally, the petitioner challenges the conclusions reached by Magistrate Judge Todd regarding the petitioner's ineffective assistance of counsel claim. The petitioner claims that the decision reached by the Kentucky Court of Appeals is contrary to clearly established federal law and therefore he is entitled to federal habeas relief.

## V.   ANALYSIS

The decision of the Kentucky Supreme Court and the decision of the Kentucky Court of Appeals should be reviewed to determine if those proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d)(1) and (d)(2). Reviewing the decisions reached by the Kentucky Court of Appeals and the Kentucky Supreme Court, Magistrate Judge Todd concluded that the decisions

5

were well reasoned. The petitioner has failed to prove otherwise.

The petitioner relies on Blockburger to support his claim of double jeopardy. However, the Kentucky Supreme Court correctly interpreted Blockburger to show that the petitioner did commit two separate offenses. There can be separate offenses without a substantial time interval in between. Blockburger v. United States, 284 U.S. 299 (1932).

Additionally, the petitioner's argument regarding L.B.'s hearsay statement to Dr. Alvarado is not well taken. As the Kentucky Supreme Court found, L.B.'s statement was admissible pursuant to KRE 803(4) and therefore it is irrelevant whether it was also admissible under any other rule. Furthermore, Federal habeas corpus does not exists to review questions concerning the admissibility of evidence. See, Estelle v. Maguire, 502 U.S. 62 (1991). The admissibility of evidence does not rise to a level of constitutional magnitude unless the error was "so egregious that a defendant was denied a fundamentally fair trial." Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir. 1988).

In order to prove ineffective assistance of counsel, a movant must show that counsel's performance fell outside the wide range of professionally competent assistance guaranteed by the Sixth Amendment, and that the deficient performance prejudiced the defense so seriously that but for the alleged error of counsel, there is a reasonable probability that the result would have been different. Strickland v. Washington, 466 U.S. 668 (1984). The petitioner failed to prove the first prong of this test. The trial court and the Kentucky Court of Appeals both determined that the petitioner failed to prove that his counsel's performance fell outside the range of professionally competent assistance. The Court agrees with the Magistrate Judge's conclusions. Therefore, the proposed findings of fact and recommendation of Magistrate Judge Todd will be adopted by the

Court.

In determining whether a certificate of appealability should issue as to the petitioner's claim, the Court turns to <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000), for guidance. In that case the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

<u>Id.</u> at 484. In the present case, the Court determines that the petitioner has not presented a close call or one which is "debatable." Therefore, a certificate of appealability will not issue in this case.

## VI. CONCLUSION

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that the Magistrate Judge's proposed findings of fact and recommendation [DE #16] is ADOPTED IN FULL; and Judgment shall be entered contemporaneously herewith.

This 22nd day of March, 2006.

_____
KARL S. FORESTER, SENIOR JUDGE

7